VERSO LAW GROUP LLP
GREGORY S. GILCHRIST (Cal. Bar No. 111536)
RYAN BRICKER (Cal. Bar No. 269100)
SOPHY TABANDEH (Cal Bar No. 287583)
PAYMANEH PARHAMI (Cal. Bar No. 335604)
209 Kearny Street, Third Floor
San Francisco, California 94108
Telephone:   (415) 534-0495
Facsimile:    (270) 518-5974
Email:         greg.gilchrist@versolaw.com
                   ryan.bricker@versolaw.com
                   sophy.tabandeh@versolaw.com
                   paymaneh.parhami@versolaw.com

Attorneys for Plaintiff
PATAGONIA, INC.

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION – LOS ANGELES

| | |
|---|---|
| PATAGONIA, INC.,<br><br>              Plaintiff,<br><br>     v.<br><br>NORDSTROM, INC.,<br><br>              Defendant. | Case No. 2:23-cv-04168<br><br>**COMPLAINT FOR COUNTERFEITING, TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, DILUTION, AND COPYRIGHT INFRINGEMENT**<br><br>**JURY TRIAL DEMAND** |

This lawsuit addresses Nordstrom, Inc.'s ("Nordstrom") sale of thousands of counterfeit Patagonia sweatshirts and t-shirts through its Nordstrom Rack stores.

Nordstrom holds itself out as a trusted retailer with a strong reputation among its customers.  For many years Nordstrom was an authorized dealer of Patagonia, Inc.'s ("Patagonia") apparel, in part because of that reputation.  While Nordstrom is no longer an authorized Patagonia dealer, Nordstrom's customers expect to find genuine Patagonia product at Nordstrom stores, including its Nordstrom Rack stores, which Nordstrom advertises as carrying "the same vendors carried at Nordstrom and [operates] . . . as an outlet for clearance merchandise from the

Nordstrom banner." That is why Nordstrom's sale of counterfeit Patagonia apparel is so damaging to Nordstrom's customers and to Patagonia's brand and reputation with those customers.

These obvious counterfeits – especially to Nordstrom who knows Patagonia's products well – also deliberately mislead customers about the quality of the materials used and the conditions in which they were made. The counterfeit sweatshirts include a neck label prominently advertising "organic cotton" but a care and content label listing the fiber as "100% recycled polyester." The hang tag on the products also includes a Fair Trade Certified™ logo, and states "This product is made in a fair trade Certified™ sewing facility . [sic] which means we pay a premium to workers so they can elevate their standard of living." Patagonia has spent decades, and invested millions of dollars, to establish product quality and fair labor practices as pillars of its brand. These counterfeit products prey on Patagonia's reputation, misleading customers into buying poor quality products that were, on information and belief, made in factories with conditions that do not meet Fair Trade Certified™ requirements.

Examples of Nordstrom's counterfeit products follow:

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /






 

In an effort to avoid litigation, Patagonia brought this problem to Nordstrom's attention and requested that the company voluntarily recall the products or reimburse customers. Because Nordstrom has failed to recall these fake, mislabeled Patagonia-branded products (or even inform its customers that they purchased counterfeits of inferior fabrication and quality), Patagonia must file this lawsuit to prevent further harm to Patagonia and consumers. To prevent further damage to consumers, Patagonia, and its brand, Patagonia alleges as follows:

## **PARTIES, JURISDICTION, AND VENUE**

1.      Patagonia, Inc. ("Patagonia") is a California corporation headquartered at 259 West Santa Clara Street, Ventura, California 93001. Patagonia has been designing, developing, marketing, and selling outdoor apparel, accessories, and active sportswear for nearly fifty years. Patagonia's PATAGONIA brand and P-6 logo are famous in the United States and around the world, and instantly recognized by consumers as a symbol of innovative apparel designs, quality products, and environmental and corporate responsibility.

2.     Defendant Nordstrom, Inc. is a Colorado and Washington corporation headquartered at 1600 7th Avenue, Suite 2500, Seattle, Washington, 98191. Nordstrom operates Nordstrom and Nordstrom Rack retail stores throughout the country, including in California, and online at www.nordstrom.com and www.nordstromrack.com.  In SEC filings, Nordstrom describes its Nordstrom Rack business as follows: "Nordstrom Rack purchases merchandise primarily from the same vendors carried at Nordstrom and also serves as an outlet for clearance merchandise from the Nordstrom banner."  *See* Nordstrom's 2022 Annual Report, accessed at https://press.nordstrom.com/static-files/789539ef-2c11-439f-9d71-efa4cf4e86f0. Combining its sales through Nordstrom and Nordstrom Rack stores, Nordstrom reported over $15 billion in revenue in 2022.  Nordstrom offers, promotes, and sells products that infringe Patagonia's intellectual property rights through its retail stores.

3.     Patagonia's trademark and counterfeiting claims arise under the Trademark Act of 1946 (the Lanham Act), as amended by the Trademark Dilution Revision Act of 2006 (15 U.S.C. §§ 1051, *et seq.*).  Patagonia's claims for copyright infringement arise from Defendant's infringement of Patagonia's exclusive rights under the United States Copyright Act (17 U.S.C. §§ 101, *et seq.*).  This Court has jurisdiction over such claims pursuant to 28 U.S.C. §§ 1338(a) and 1338(b) (trademark and unfair competition), 17 U.S.C. § 501 (copyright), 28 U.S.C. § 1331 (federal question), and 15 U.S.C. § 1121 (Lanham Act).  This Court has jurisdiction over the state law claims under 28 U.S.C. § 1367 (supplemental jurisdiction) and 28 U.S.C. § 1332 (diversity).

4.     This Court has personal jurisdiction over Defendant because Defendant has purposefully availed itself of the privilege of doing business in this district.  Through the sale of the counterfeit and infringing products identified in this lawsuit, Defendant has directed its conduct into this district, including by selling and promoting such products into the district through its retail stores in California, and

COMPLAINT
CASE NO. 2:23-cv-04168                                                                      - 5 -

1  individually targeting Patagonia, a corporation they know has its principal place of

2  business in this district.

3      5.      Venue is proper in this Court under 28 U.S.C. §§ 1391(b) and 1400(a)

4  because Defendant infringes Patagonia's intellectual property in this district,

5  transacts business in this district, and a substantial part of the events giving rise to

6  the claims asserted arose in this district.

7  **FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS**

8  **Patagonia's History**

9      6.      Patagonia was founded in the late 1960s to design and sell climbing

10  clothes and other active sportswear.  The company adopted the brand

11  "PATAGONIA" to differentiate a related business that designed and manufactured

12  climbing gear and tools.  PATAGONIA was chosen as the trademark to call to mind

13  romantic visions of glaciers tumbling into fjords, jagged windswept peaks, gauchos,

14  and condors.  Since at least 1973, the PATAGONIA brand has appeared on a multi-

15  colored label inspired by a silhouette of the jagged peaks of the Mt. Fitz Roy skyline

16  (the "P-6 logo").

17      7.      In the fifty years since Patagonia's business started, the PATAGONIA

18  brand and its P-6 logo have become among the most identifiable brands in the

19  world.  Patagonia's products now include a wide range of apparel products and

20  equipment, including t-shirts, hoodies, sweatshirts, and fleece, as well as technical

21  products designed for climbing, skiing and snowboarding, surfing, fly fishing, and

22  trail running, which are sold around the world.

23      8.      Over the years, Patagonia has been recognized and honored for its

24  business initiatives, including receiving the Sustainable Business Counsel's first

25  "Lifetime Achievement Award."  In 1996, with an increased awareness of the

26  dangers of pesticide use and synthetic fertilizers used in conventional cotton

27  growing, Patagonia began the exclusive use of organically grown cotton and has

28  continued that use for more than twenty years.  In 2017, Patagonia helped establish

COMPLAINT
CASE NO. 2:23-cv-04168                                                          - 6 -

the Regenerative Organic Certified® program, a holistic agriculture certification encompassing pasture-based animal welfare, fairness for farmers and workers, and robust requirements for soil health and land management.  In Spring 2020, Patagonia launched its first cotton clothing grown on farms working toward certification, and in Spring 2022, released its first Regenerative Organic Certified® products, signifying that those cotton suppliers met the ROA's high standards for soil health, social fairness and animal welfare.  It was a founding member of the Fair Labor Association®, which is an independent multi-stakeholder verification and training organization that audits apparel factories.  Additionally, since 1985 Patagonia has pledged 1% of sales to environmental groups to preserve and restore our natural environment, donating more than $100 million to date.  In 2002, Patagonia's founder, Yvon Chouinard, along with others, created a non-profit called 1% For the Planet® to encourage other businesses to do the same.  Today, more than 1,200 member companies have donated more than $150 million to more than 3,300 nonprofits through 1% For the Planet.  In 2012, Patagonia became one of California's first registered Benefit Corporations, ensuring Patagonia could codify into its corporate charter consideration of its workers, community, and the environment.  In 2016, Patagonia pledged to donate all revenue from sales on Black Friday, donating $10 million to environmental grantees in response to customers' purchases on that day.  In 2018, Patagonia pledged an additional $10 million in grants to environmental groups in response to recent tax cuts given to businesses.  Over the course of two weeks in December 2019, Patagonia matched another $10 million in donations to environmental and other grassroots organizations.  Patagonia's owners recently donated their holdings in the company to support initiatives and innovations addressing climate change.

**Patagonia's Trademarks**

9.     Patagonia owns numerous registrations for its distinctive P-6 logo and PATAGONIA trademark, covering a wide-ranging assortment of products.  Among

these are the following U.S. trademark registrations:

| Trademark | Reg. No. / Reg. Date | Goods | Date of First Use |
|---|---|---|---|
| **PATAGONIA** | 1189402 / Feb. 9, 1982 | Men's and Women's Clothing-Namely, Sweaters, Rugby Shirts, Walking Shorts, Trousers, Jackets, Mittens, Hoods and Rainwear | 08/1974 |
|  | 1294523 / Sept. 11, 1984 | Men's, Women's and Children's Clothing-Namely, Jackets, Pants, Vests, Gloves, Pullovers, Cardigans, Socks, Sweaters, Underwear, Shirts, Shorts, Skirts and Belts | 08/1974-1981 |
|  | 1547469 / July 11, 1989 | Men's, Women's and Children's Clothing- Namely, Jackets, Pants, Shirts, Sweaters, Vests, Skirts, Underwear Tops and Bottoms, Socks, Gloves, Mittens, Hats, Face Masks, Balaclava, Gaiters, Suspenders, and Belts | 08/1974-1981 |
| **PATAGONIA** | 2260188 / July 13, 1999 | Computerized on-line ordering activities in the field of clothing and accessories; Providing information in the field of technical clothing and accessories for use in recreational, sporting and leisure activities; providing information in the field of existing and evolving environmental issues | 10/1995 |
| **PATAGONIA.COM** | 2392685 / Oct. 10, 2000 | On-line retail store and mail order services featuring technical clothing, footwear, and accessories; Computer services in the nature of on-line information related to the environment and clothing | 10/1995 |
| **PATAGONIA** | 2662619 / Dec. 17, 2002 | Retail store services featuring clothing, footwear, luggage and a wide variety of sporting goods and accessories | 06/1986 |

| Trademark | Reg. No. / Reg. Date | Goods | Date of First Use |
|---|---|---|---|
| **PATAGONIA** | 5561006 / Sept. 11, 2018 | Stickers; paper banners; fiction and non-fiction books on a variety of topics; posters; non-magnetically encoded gift cards; photographs | 12/1991 |

These registrations for Patagonia's trademarks and logos are in full force and effect. The registrations (with the exception of Reg. No. 5561006) have become incontestable under 15 U.S.C. § 1065. A color image of the P-6 logo follows:



Patagonia also owns registered and common law rights for its well-known WORN WEAR mark and below design mark (collectively, the "WORN WEAR Marks") for retail services, along with individual apparel products (and other related goods) and its repair and trade-in programs. *See* https://wornwear.patagonia.com/. Among these are the following U.S. trademark registrations and applications:

| Trademark | Reg./App. No. / Reg./App. Date | Classes/Goods | Date of First Use |
|---|---|---|---|
| **WORN WEAR** | Reg. No. 4955520 / May 10, 2016 | 035 Retail store services featuring vintage and used clothing, footwear, luggage, and outdoor gear and accessories | Oct. 07, 2012 |

| Trademark | Reg./App. No. / Reg./App. Date | Classes/Goods | Date of First Use |
|---|---|---|---|
|  | Reg. No. 4623527 / Oct. 21, 2014 | 035 Retail store services featuring vintage and used clothing, footwear, luggage, and outdoor gear and accessories | Oct. 07, 2012 |
| **WORN WEAR** | App. No. 97380428 / Apr. 25, 2022 | 018 Backpacks; All-purpose carrying bags; Duffle bags; Messenger bags; Travel bags<br><br>025 Clothing, namely, tops, bottoms, shirts, jackets, coats, parkas, vests, pullovers, sweaters, sweatshirts, hooded sweatshirts, dresses, skirts, pants, jeans, shorts, board shorts | Sep. 01, 2017 / Oct. 07, 2012 |
|  | App. No. 97387380 / Apr. 28, 2022 | 018 Backpacks; All-purpose carrying bags; Duffle bags; Messenger bags; Travel bags<br><br>025 Clothing, namely, tops, bottoms, shirts, jackets, coats, parkas, vests, pullovers, sweaters, sweatshirts, hooded sweatshirts, dresses, skirts, pants, jeans, shorts, board shorts | Sep. 01, 2017 / Oct. 07, 2012 |

The registrations for the WORN WEAR Marks are in full force and effect. The registrations have become incontestable under 15 U.S.C. § 1065.

Collectively, these marks, Patagonia's other registered trademarks, and its common law marks are referred to as the "PATAGONIA trademarks."  Patagonia also owns  registered copyrights for the P-6 logo (Registration No. VA 1-801-788).

10.    The PATAGONIA trademarks are distinctive, arbitrary and fanciful, entitled to the broadest scope of protection, and certain of the PATAGONIA

1    trademarks are registered worldwide.

2       11.    For many years prior to the events giving rise to this Complaint and

3    continuing to the present, Patagonia annually has spent enormous amounts of time,

4    money, and effort advertising and promoting the products on which its PATAGONIA

5    trademarks are used.  PATAGONIA brand products are advertised in a variety of

6    contexts and media, including in print and on the Internet.  In addition to advertising

7    by Patagonia, the PATAGONIA trademarks are also advertised and promoted and

8    presented at point of sale by numerous authorized retailers.  Consumers, accordingly,

9    are exposed to the PATAGONIA trademarks in a wide range of shopping and post-

10   sale contexts.

11      12.    Patagonia has sold its PATAGONIA brand products all over the world,

12   including throughout the United States and California.  Through its promotion and

13   investment in its brand and extensive sales, publicity, awards, and leadership trying

14   to minimize the environmental impact of its business, Patagonia has acquired

15   enormous goodwill in its PATAGONIA trademarks.  The PATAGONIA trademarks

16   are famous within the meaning of the Trademark Dilution Revision Act, enjoy

17   strong consumer recognition, and are recognized around the world and throughout

18   the United States by consumers as signifying high-quality products made by a

19   responsible company.

20   **Defendant's Infringement of Patagonia's Rights**

21      13.    In blatant disregard of Patagonia's rights in the PATAGONIA

22   trademarks – and without authorization from Patagonia – Defendant has promoted,

23   offered for sale, and sold apparel bearing designs and logos that are identical to

24   Patagonia's P-6 logo and PATAGONIA word mark, and using tags and labels that

25   reproduce Patagonia's WORN WEAR mark, which inevitably will imply to

26   consumers that Patagonia has endorsed or authorized these products.  These designs

27   and logos, and the products bearing them, are referred to as Defendant's

28   "Counterfeit Designs."

COMPLAINT
CASE NO. 2:23-cv-04168                                                          - 11 -

14.     On information and belief, Defendant began selling counterfeit Patagonia products at Nordstrom Rack stores shortly after the end of the years-long dealer relationship between Patagonia and Nordstrom.  Through that dealer relationship, Nordstrom sold genuine Patagonia products in all Nordstrom stores and e-commerce channels, and collaborated with Patagonia on projects like the "Concept 004" in-store retail environment, which presented Patagonia's Worn Wear®-branded repaired or recycled apparel and other Patagonia products to Nordstrom shoppers in Los Angeles, New York, Seattle, and Vancouver.  An example of Nordstrom's presentation of the Patagonia brand during the parties' dealer relationship follows.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20



21      15.      Patagonia recently elected not to renew the dealer agreement with

22  Nordstrom, and Nordstrom proceeded to sell through its on-hand inventory of

23  Patagonia products.  In 2023, Patagonia discovered products bearing the Counterfeit

24  Designs in Nordstrom Rack stores.

25      16.      The Counterfeit Designs are identical to the P-6 logo artwork and

26  trademark, and identical to the PATAGONIA word mark.  Defendant's products

27  bearing the Counterfeit Designs are identical to and compete directly with goods

28  sold by Patagonia, including sweatshirts and t-shirts.

17.    Defendant's use of the Counterfeit Designs has caused or will cause a likelihood of confusion among consumers regarding the source of Defendant's products, and whether Patagonia has sponsored, licensed, authorized, or is somehow affiliated with Defendant.

18.    Defendant began using the Counterfeit Designs long after the PATAGONIA trademarks became famous.  The Counterfeit Designs have caused or are likely to cause dilution of Patagonia's famous and distinctive marks by diminishing their distinctiveness and singular association with Patagonia.  Patagonia has no alternative but to protect its goodwill and famous trademark by obtaining an injunction against Defendant's further use of the counterfeit trademark and designs.

19.    Patagonia is informed and believes that Defendant has marketed and sold substantial quantities of products bearing the Counterfeit Designs through Nordstrom Rack stores across the country, and has profited (and continues to derive commercial benefit) from such sales.  Defendant's conduct has been willful.

20.    Based on a review of the labeling affixed to products bearing the Counterfeit Designs, Defendant's products bearing the Counterfeit Designs are made out of polyester but are falsely labeled as organic cotton, which poses a substantial risk of danger to the public.

21.    Defendant's actions have caused and will cause Patagonia irreparable harm for which money damages and other remedies are inadequate.  Unless Defendant is restrained by this Court, Defendant will continue expanding its illegal activities and otherwise continue to cause irreparable damage and injury to Patagonia by, among other things:

a.    Depriving Patagonia of its statutory rights to use and control use of its trademark;

b.    Creating a likelihood of confusion, mistake, and deception among consumers and the trade as to the source of the counterfeit products;

c.    Causing the public falsely to associate Patagonia with

COMPLAINT
CASE NO. 2:23-cv-04168

Defendant and/or its products;

d.    Causing the public falsely to believe Patagonia has collaborated with Defendant, entered a co-branding relationship with Defendant, or is otherwise associated with Defendant and/or its products;

e.    Causing the public falsely to believe Patagonia has mislabeled its apparel products, holding them out as Organic Cotton – a fabric that Patagonia committed to using for all of its cotton apparel in 1996 – while actually using low quality polyester;

f.    Causing incalculable and irreparable damage to Patagonia's goodwill and diluting the capacity of its famous PATAGONIA trademarks to differentiate its products from those of its competitors;

g.    Causing incalculable and irreparable damage to Patagonia's licensing and collaboration programs, and to Patagonia's ability to control its brand partnerships and to associate itself with entities who are specifically aligned to Patagonia's company mission; and

h.    Causing Patagonia to lose sales of its genuine PATAGONIA products.

22.    Accordingly, in addition to other relief, Patagonia is entitled to injunctive relief against Defendant, including an injunction requiring Defendant to recall all products bearing the Counterfeit Designs.

## FIRST CLAIM

## FEDERAL TRADEMARK INFRINGEMENT

### (15 U.S.C. §§ 1114-1117)

23.    Patagonia realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 22 of this Complaint.

24.    Defendant has used, in connection with the sale, offering for sale, distribution, or advertising of its products bearing the Counterfeit Designs, words and symbols that infringe upon Patagonia's PATAGONIA trademarks.

COMPLAINT
CASE NO. 2:23-cv-04168

25.     These acts of trademark infringement have been committed with the intent to cause confusion, mistake, or deception, and are in violation of 15 U.S.C. § 1114.  The fact that Defendant was previously an authorized dealer – and therefore familiar with Patagonia's trademarks, products, and labeling – underscores the willfulness with which Defendant decided to source and sell the counterfeit products at issue in this lawsuit.

26.     As a direct and proximate result of Defendant's conduct, Patagonia is entitled to recover up to treble the amount of Defendant's unlawful profits and Patagonia's damages and an award of attorneys' fees under 15 U.S.C. § 1117(a).

27.     Patagonia is entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a) that requires Defendant to stop use of the Counterfeit Designs, and any other mark or design similar to the PATAGONIA trademarks.

## SECOND CLAIM

## FEDERAL UNFAIR COMPETITION

### (False Designation of Origin and False Description – 15 U.S.C. § 1125(a))

28.     Patagonia realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 27 of this Complaint.

29.     Defendant's conduct as alleged in this Complaint constitutes the use of symbols or devices tending falsely to describe the counterfeit products, within the meaning of 15 U.S.C. § 1125(a)(1).  Defendant's conduct is likely to cause confusion, mistake, or deception by or in the public as to the affiliation, connection, association, origin, sponsorship, or approval of the counterfeit products to the detriment of Patagonia and in violation of 15 U.S.C. § 1125(a)(1).

30.     As a direct and proximate result of Defendant's conduct, Patagonia is entitled to recover up to treble the amount of Defendant's unlawful profits and Patagonia's damages, and an award of attorneys' fees under 15 U.S.C. § 1117(a).

31.     Patagonia is entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a) that requires Defendant to stop use of the Counterfeit Designs, and any other mark

or design similar to the PATAGONIA trademarks.

## THIRD CLAIM

## FEDERAL COUNTERFEITING

### (15 U.S.C. §§ 1114-1117)

32.     Patagonia realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 31 of this Complaint.

33.     Defendant has used, in connection with the sale, offering for sale, distribution, or advertising of products, counterfeit imitations of Patagonia's PATAGONIA trademarks.

34.     These acts of counterfeiting have been committed with the intent to cause confusion, mistake, or deception, and are in violation of 15 U.S.C. § 1114. The fact that Defendant was previously an authorized dealer – and therefore familiar with Patagonia's trademarks, products, and labeling – underscores the willfulness with which Defendant decided to source and sell the counterfeit products at issue in this lawsuit.

35.     As a direct and proximate result of Defendant's conduct, Patagonia is entitled to recover treble the amount of Defendant's unlawful profits and Patagonia's damages and an award of attorneys' fees under 15 U.S.C. § 1117(a).

36.     As a direct and proximate result of Defendant's conduct, Patagonia is entitled to recover statutory damages based on such defendants' willful counterfeiting, pursuant to 15 U.S.C. § 1117(c).

37.     Patagonia is entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a) that requires Defendant to stop use of the Counterfeit Designs, and any other mark or design similar to the PATAGONIA trademarks.

## FOURTH CLAIM

## FEDERAL DILUTION OF FAMOUS MARK

### (Trademark Dilution Revision Act of 2006, 15 U.S.C. § 1125(c))

38.     Patagonia realleges and incorporates by reference each of the

COMPLAINT
CASE NO. 2:23-cv-04168

- 17 -

allegations contained in paragraphs 1 through 37 of this Complaint.

39.     Patagonia's PATAGONIA trademarks (including the P-6 logo) are distinctive and famous within the meaning of the Trademark Dilution Revision Act of 2006, 15 U.S.C. § 1125(c), and were famous prior to Defendant's adoption of the Counterfeit Designs.

40.     Defendant's conduct is likely to cause dilution of Patagonia's PATAGONIA trademark by diminishing its distinctiveness in violation of the Trademark Dilution Revision Act of 2006, 15 U.S.C. § 1125(c).

41.     As a direct and proximate result of Defendant's conduct, Patagonia is entitled to recover up to treble the amount of Defendant's unlawful profits and Patagonia's damages, and an award of attorney's fees under 15 U.S.C. §§ 1116(a), 1117(a), and 1125(c).

42.     Patagonia is entitled to injunctive relief pursuant to 15 U.S.C. §§ 1116(a) and 1125(c) that requires Defendant to stop use of the Counterfeit Designs, and any other mark or design similar to the PATAGONIA trademarks.

### FIFTH CLAIM
### FEDERAL COPYRIGHT INFRINGEMENT
**(17 U.S.C. §§ 101, *et seq.*, and 17 U.S.C. §§ 501, *et seq.*)**

43.     Patagonia realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 42 of this Complaint.

44.     Patagonia owns the copyright in its P-6 logo, which is federally registered and was registered prior to Defendant's copying.

45.     Defendant has copied, advertised, offered for sale, and/or sold substantially similar copies of the P-6 logo without Patagonia's authorization or permission and in violation of Patagonia's exclusive rights in its copyright.

46.     Defendant's unlawful reproduction, advertisement, distribution, and/or sale of Patagonia's proprietary design constitutes copyright infringement.  Patagonia alleges that Defendant acted intentionally and in bad faith when it reproduced

1  Patagonia's copyrighted work (in identical or substantially similar form), and

2  advertised, distributed, displayed, and/or sold products bearing the Counterfeit

3  Designs.

4        47.    Defendant's infringement alleged herein has caused and, if not

5  enjoined, will continue to cause Patagonia to suffer irreparable harm for which there

6  is no adequate remedy at law, and has also caused damage to Patagonia in an

7  amount which cannot be accurately computed at this time but will be proven at trial.

8        48.    As a direct and proximate result of Defendant's conduct, Patagonia is

9  entitled to injunctive relief, as well as actual damages and any profits earned by

10  Defendant as a result of its infringements, or statutory damages of up to $150,000

11  for each work infringed, at Patagonia's election, pursuant to 17 U.S.C. § 504.

**SIXTH CLAIM**

**TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION**

**UNDER CALIFORNIA STATUTORY LAW**

**(Cal. Bus. & Prof. Code §§ 14200 *et seq*.;**

**Cal. Bus. & Prof. Code § 17200 *et seq*.)**

17        49.    Patagonia realleges and incorporates by reference each of the

18  allegations contained in paragraphs 1 through 48 of this Complaint.

19        50.    Patagonia is the owner of numerous registrations for the PATAGONIA

20  trademarks, as well as common law rights in those marks.

21        51.    Defendant is using a design that infringes upon Patagonia's

22  PATAGONIA trademarks without the consent of Patagonia and in connection with

23  the sale, offering for sale, distribution, or advertising of its products bearing the

24  Counterfeit Designs.

25        52.    Defendant's infringement of Patagonia's PATAGONIA trademarks is

26  likely to cause confusion, mistake, and deception as to the source of the origin of

27  Defendant's offerings.

28        53.    Defendant uses the Counterfeit Designs to enhance the commercial

1    value of Defendant's offerings.

2        54.    Defendant's acts violate Patagonia's trademark rights under California

3    Business & Professions Code §§14245 *et seq.*

4        55.    Defendant's conduct as alleged in this Complaint also constitutes

5    "unlawful, unfair or fraudulent business act[s] or practice[s] and unfair, deceptive,

6    untrue or misleading advertising" within the meaning of California Business &

7    Professions Code §§ 17200 *et seq.*

8        56.    Patagonia is entitled to monetary damages and injunctive relief

9    prohibiting Defendant from using the Counterfeit Designs, or any other mark or

10   design that is likely to be confused with the PATAGONIA trademarks.

11       57.    Without injunctive relief, Patagonia has no means by which to control

12   the continuing injury to its reputation and goodwill or that of its PATAGONIA

13   trademarks.  Patagonia has been and will continue to be irreparably harmed.  No

14   amount of money damages can adequately compensate Patagonia if it loses the

15   ability to control its marks.

16       58.    Because Defendant's actions have been committed willfully,

17   maliciously, and intentionally, Patagonia is entitled to treble the amount of

18   Defendants' unlawful profits and Patagonia's damages under California Business &

19   Professions Code § 14250.

20       59.    Because Defendants' conduct has been undertaken willfully,

21   intentionally and in reckless disregard of the possible injurious consequences,

22   Patagonia is entitled to exemplary or punitive damages under Cal. Civ. Code § 3294.

23                      **SEVENTH CLAIM**

24     **TRADEMARK DILUTION UNDER CALIFORNIA LAW**

25            **(Cal. Bus. & Prof. Code § 14247)**

26       60.    Patagonia realleges and incorporates by reference each of the

27   allegations contained in paragraphs 1 through 59 of this Complaint.

28       61.    Patagonia owns valid and protectable rights in its PATAGONIA

COMPLAINT
CASE NO. 2:23-cv-04168                                    - 20 -

1    trademarks (including the P-6 logo).

2         62.    The PATAGONIA trademarks – registered marks in the state of

3    California – are distinctive and famous within the meaning of the California Model

4    State Trademark Law, Cal. Bus. & Prof. Code § 14247, in that it is a household

5    brand in California, and were famous prior to Defendant's adoption of the

6    Counterfeit Designs.

7         63.    Defendant's acts are likely to dilute the distinctive quality of the

8    PATAGONIA trademarks.  Defendant's acts therefore constitute trademark dilution

9    under California Business & Professions Code **§** 14247, the analogous statutes of

10   other states, and under California common law.

11        64.    Patagonia is entitled to monetary damages and injunctive relief

12   prohibiting Defendant from using the Counterfeit Designs, and any other mark

13   or design similar to the PATAGONIA trademarks.  Without injunctive relief,

14   Patagonia has no means by which to control the continuing dilution of the

15   PATAGONIA trademarks.  Patagonia has been and will continue to be irreparably

16   harmed.  No amount of money damages can adequately compensate Patagonia for

17   such harm.

18        65.    Because Defendant's actions have been committed willfully,

19   maliciously, and intentionally, Patagonia is entitled to treble the amount of

20   Defendant's unlawful profits and Patagonia's damages under California Business &

21   Professions Code § 14250.

22        66.    Because Defendant's conduct has been undertaken willfully,

23   intentionally and in reckless disregard of the possible injurious consequences,

24   Patagonia is entitled to exemplary or punitive damages under Cal. Civ. Code § 3294.

25                                  **EIGHTH CLAIM**

26   **TRADEMARK INFRINGEMENT UNDER CALIFORNIA COMMON LAW**

27        67.    Patagonia realleges and incorporates by reference each of the

28   allegations contained in paragraphs 1 through 66 of this Complaint.

68.     Patagonia owns valid and protectable rights in its PATAGONIA trademarks at common law.

69.     Defendant's conduct is likely to cause confusion, to cause mistake, or to deceive as to the source of goods offered by Defendant, or as to affiliation, connection, association, sponsorship, or approval of such goods and services, and constitutes infringement of Patagonia's PATAGONIA trademarks at common law.

70.     Defendant infringed Patagonia's PATAGONIA trademarks with knowledge and intent to cause confusion, mistake, or deception.

71.     Defendant's conduct is aggravated by that kind of willfulness, wanton-ness, malice, and conscious indifference to the rights and welfare of Patagonia for which California law allows the imposition of exemplary damages.

72.     As a direct and proximate result of Defendant's activities, Patagonia has suffered substantial damage.

73.     Unless restrained and enjoined, the conduct of Defendant will further impair the value of the PATAGONIA trademarks and Patagonia's business reputation and goodwill.  Patagonia has no adequate remedy at law.

74.     Patagonia is entitled to monetary damages and injunctive relief prohibiting Defendant from using the Counterfeit Designs, and any other mark or design similar to the PATAGONIA trademarks.

75.     Without injunctive relief, Patagonia has no means by which to control the continuing injury to its reputation and goodwill or that of its PATAGONIA trademarks.  Patagonia has been and will continue to be irreparably harmed.  No amount of money damages can adequately compensate Patagonia if it loses the ability to control its marks.

76.     Because Defendant's actions have been committed willfully, maliciously, and intentionally, Patagonia is entitled to recover reasonable attorneys' fees and compensatory and punitive damages (see Cal. Civ. Code § 3294).

/ / /

## **PRAYER FOR JUDGMENT**

WHEREFORE, Patagonia prays that this Court grant it the following relief:

1.     Adjudge that Defendant has infringed the PATAGONIA trademarks in violation of Patagonia's rights under 15 U.S.C. § 1114;

2.     Adjudge that Defendant has infringed the PATAGONIA trademarks in violation of California statutory law;

3.     Adjudge that Defendant has used counterfeit reproductions of Patagonia's registered trademarks in violation of Federal and California law;

4.     Adjudge that Defendant has infringed Patagonia's common law rights in the PATAGONIA trademarks;

5.     Adjudge that Defendant has competed unfairly with Patagonia in violation of Patagonia's rights under 15 U.S.C. § 1125(a);

6.     Adjudge that Defendant has competed unfairly with Patagonia in violation of California statutory law;

7.     Adjudge that Defendant's activities are likely to dilute Patagonia's famous PATAGONIA trademarks in violation of Patagonia's rights under 15 U.S.C. § 1125(c) and/or California law;

8.     Adjudge that Defendants have infringed Patagonia's copyright rights in its P-6 logo;

9.     Adjudge that Defendant and its agents, employees, attorneys, successors, assigns, affiliates, and joint venturers, and any person(s) in active concert or participation with it, and/or any person(s) acting for, with, by, through or under it, be enjoined and restrained at first during the pendency of this action and thereafter permanently from:

a.     Manufacturing, producing, sourcing, importing, selling, offering for sale, distributing, advertising, or promoting any goods or services that display any words or symbols that so resemble the PATAGONIA trademarks as to be likely to cause confusion, mistake, or deception, on or in connection with any product that

1  is not authorized by or for Patagonia, including, without limitation, any product or

2  service that bears the Counterfeit Designs, or any other approximation of

3  Patagonia's trademarks;

4          b.      Using any word, term, name, symbol, device, or combination

5  that causes or is likely to cause confusion, mistake, or deception as to the affiliation

6  or association of Defendant or its products with Patagonia, or as to the origin of

7  Defendant's goods, or any false designation of origin, false or misleading

8  description or representation of fact, or any false or misleading advertising, or likely

9  dilution of the PATAGONIA trademark;

10          c.      Further infringing the rights of Patagonia in and to its

11  PATAGONIA trademarks, or otherwise damaging Patagonia's goodwill or business

12  reputation;

13          d.      Further diluting the famous PATAGONIA trademarks;

14          e.      Otherwise competing unfairly with Patagonia in any manner;

15          f.      Further infringing Patagonia's copyright rights in its P-6 logo

16  design, including by reproducing, distributing, or displaying such logo or any other

17  logo or design that is substantially similar to the P-6 logo; and

18          g.      Continuing to perform in any manner whatsoever any of the

19  other acts complained of in this Complaint;

20      10.    Adjudge that Defendant is prohibited from applying to register any

21  trademark or service mark which is likely to be confused with, or that dilutes the

22  distinctive quality of, Patagonia's PATAGONIA trademarks;

23      11.    Adjudge that Defendant be required immediately to deliver to

24  Patagonia's counsel its entire inventory of counterfeit and infringing products,

25  including without limitation, patches and any other products, packaging, labeling,

26  advertising and promotional material, and all plates, patterns, molds, matrices, files,

27  data, and other material for producing or printing such items, that are in their

28  possession or subject to their control and that infringe Patagonia's trademarks as

COMPLAINT
CASE NO. 2:23-cv-04168

alleged in this Complaint;

12.     Adjudge that Defendant be required immediately, in light of the risks to the public posed by Defendant's sale of falsely-labeled products, take all steps necessary to effectively recall any products it has distributed bearing or associated with the Counterfeit Designs and not manufactured under Patagonia's authority;

13.     Adjudge that Defendant, within thirty (30) days after service of the Court's judgment, be required to file with this Court and serve upon Patagonia's counsel a written report under oath setting forth in detail the manner in which it has complied with the judgment;

14.     Adjudge that Patagonia recover from Defendant its damages and lost profits, and Defendant's profits in an amount to be proven at trial;

15.     Adjudge that Defendant be required to account for any profits that are attributable to their illegal acts, and that Patagonia be awarded (1) Defendant's profits and (2) all damages sustained by Patagonia, under 15 U.S.C. § 1117, plus prejudgment interest;

16.     Adjudge that the amounts awarded to Patagonia pursuant to 15 U.S.C. § 1117 shall be trebled;

17.     Adjudge that Patagonia recover damages based on Defendant's counterfeit use of Patagonia's registered trademarks, including statutory damages at Patagonia's election;

18.     Adjudge that Patagonia recover from Defendant its damages based on Defendant's copyright infringement, or statutory damages at Patagonia's election;

19.     Adjudge that Patagonia recover punitive or exemplary damages from Defendant based on Defendant's conduct done willfully, intentionally and in reckless disregard of its possible injurious consequences.

20.     Order an accounting of and impose a constructive trust on all of Defendant's funds and assets that arise out of its infringing, dilutive activities;

21.     Adjudge that Patagonia be awarded its costs and disbursements

incurred in connection with this action, including Patagonia's reasonable attorneys'
fees and investigative expenses; and

22.     Adjudge that all such other relief be awarded to Patagonia as this Court
deems just and proper.


DATED:  May 30, 2023              Respectfully submitted,

                                 VERSO LAW GROUP LLP


                                 By:   */s/ Gregory S. Gilchrist*
                                       GREGORY S. GILCHRIST
                                       RYAN BRICKER
                                       SOPHY TABANDEH
                                       PAYMANEH PARHAMI

                                 Attorneys for Plaintiff
                                 PATAGONIA, INC.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **DEMAND FOR JURY TRIAL**

Patagonia, Inc. demands that this action be tried to a jury.

DATED:  May 30, 2023          Respectfully submitted,

VERSO LAW GROUP LLP


By:   */s/ Gregory S. Gilchrist*
GREGORY S. GILCHRIST
RYAN BRICKER
SOPHY TABANDEH
PAYMANEH PARHAMI

Attorneys for Plaintiff
PATAGONIA, INC.